case number 21-1755. Tiffany Washington appellant versus Washington Metropolitan Area Transit Authority. Ms. Rucker for the appellant, Ms. Cole for the appellate. Ms. Rucker, good morning. Please proceed. Thank you. And good morning, your honors. May it please the court, Donna Rucker on behalf of Tiffany Washington. And we are before the court today, your honors, to assert that we believe that the trial court erred when, in fact, it determined that the termination claim contained in this Washington's third charge. Somehow another was a duplicate of what she had in her second charge and therefore could not proceed and go forward in this particular case. And we assert this contention for several reasons. First, while we note and recognize that in Miss Washington's second charge at issue here, there was a mention of her time. We believe that the record is clear that if you review that second charge where termination is actually indicated, it is certainly not properly presented to the EEOC such that it provides notice to WMATA or satisfy the standards of what needs to be stated for exhaustion. And specifically, there are simply generalized statements that are indicated within the second charge compared, however, to the third charge that was timely file within the timeframe of Miss Washington's termination and specifically asserts what is needed to put WMATA as well as the commission on notice, which is considered to be a very important element of presenting cases to the EEOC. If these cases and claims are stated but not properly presented, showing a ramifacient case for setting forth allegations that will allow individuals to know what is being asserted and what is being contended, it is not, I would argue, properly before the commission. And such is the case with respect to the second claim. The third charge presented by Miss Washington specifically identifies termination, and it is undisputed. It is uncontroverted on this record, both by WMATA and by reference by the court in its termination charge, is timely presented in the third charge. What is at issue here is the termination charge was presented in the second charge. It was actually indicated, Your Honor, as I stated. It was indicated in the second charge. Our position in this particular case is that the checking of the box or the indication of it alone did not satisfy the standards of presenting it and having it properly before the commission. Several claims are in court when a plaintiff makes statements, either in a charge of discrimination or a complaint, that does not properly state a claim. And that is what is contended here with respect to the second charge. What is your strongest authority for that? My authority for the exhaustion factor in terms of it stating properly a claim? Your indulgence, Your Honor. We would look at how it is distinguished in what Cooper versus Xerox, which we referenced in our brief, basically indicating that merely checking a box or even failing to check a box does not necessarily control the scope of the charge. And so what we're saying here is that it is presented in the third charge. The fact that the termination was part of what she's claiming. It specifically states the bases. There is also a hostile or retaliatory hostile work environment claim that is submitted in the third charge that was not a part of the second charge. And the court in this particular case, as we review the order, specifically indicates that, excuse me, that the termination being an act may not have served as a basis. But the court doesn't reach that point because it concludes that because the third charge references a termination that was part of another charge, the second charge, it is therefore stale. So the court never reaches the decision as to whether or not a continuing violation could advance both the termination claim as well as those other claims that were. Were there any facts in the third claim that were within 180 days of that claim other than the termination? The I think the record is clear in this case, your honor, that the other claims are both in 2018 or three. There are three different points which would be 2018 dates. And so in order for those claims to be actionable under a hostile work environment, continuing violation under Morgan, they would need to be a part of a current claim. And what we are articulating is that current claim is the termination claim, which, as I stated, is undisputed as being timely for the purposes of presentation to the commission. It runs into a particular issue according to the trial court, because it's somehow another was an attempt to, quote, revive, end quote, what was placed into the second charge. But we argue that it is very significant to recognize that this particular situation is quite different than what was argued by WMATA and referenced by the court in that the other the cases that were referenced speaks to situations and circumstances where a right to sue letter was received. The 90 days expired and counsel went back in to get a second right to sue letter. In this particular case, that is certainly not what we have here. And therefore, we argue and present that the floodgates are safely closed with any concern that you may have, excuse me, litigants trying to go back and get multiple right to sue letters so that it could advance a claim that where a 90 day period has passed. And this is the Cooper decision. Your best authority. Well, it is the authority with your indulgence. I believe we would stand on the brief your honors with respect to the other authorities that we cite. I think the judge and if you would indulge me specifically says, um, this is that a 3 62 of the joint appendix where I'm reading from the opinion within your indulgence, your honor. Oh, excuse me. It's a 3 60. And the court actually references that prior to bringing a civil action under Title seven or the Rehabilitation Act, an employee must exhaust her administrative remedies, excuse me, by filing a charge with the E. O. C. Within 180 days of the alleged discriminatory instance incident and file suit within 90 days of the final administrative action. And that's basically what I'm trying to understand is, um, we don't even have to get into the subtleties of whether you knew about the claim at the time you filed. Um, if you knew about the charge at the time you filed a second claim, uh, because you did and it's stated there, but it wasn't stated adequately, you say, uh, it's not a situation where your client became aware of information that was previously unavailable to her. And I guess I'm not clear as to why the usual rule that, um, you have a window to file and you either successfully file and make your claim or you don't. Your theory, I think something about, well, complaints can be dismissed without prejudice. True. But that's a different situation. And I wonder whether or not here, uh, we don't have a situation where she knew about the termination, uh, charge, uh, that she could have brought and she didn't. And so now she wants to come in later, uh, and raise this. I don't see any end to this sort of theory of yours. So I can give you where the end is, Your Honor. And that is specifically where, um, the question or the issue here is that at the time that Miss Washington is presenting her claim back, it is still a timely claim. This is not, I mean, even if it doesn't matter is what I'm getting at under the usual rule that have been timely in your theory of the case. But as far as what she knew when she filed the second, uh, charge, didn't she have all the information she needed? And for one reason or another, um, check the box, but didn't do what she had to do. And isn't she bound by that action? It's not as though she learned something later or, um, there was some infirmity that prevented her from presenting the claim properly as part of the second charge. And so what I would say, Your Honor to that is, uh, this is a situation where, where even if Miss Washington knew that she was going to be terminated, she did not know all of the particular facts related to how that came about. She specifically states in that second charge, I don't know the details about this, but that's not because she didn't explore it. All she knew about the discovery. I just you say there's an end, but I don't see the end. In your theory, I'm trying to get there, Your Honor, with respect to pointing out that when she brought and I see that my time is up. May I continue? Thank you. Um, when Miss Washington brought her charge the third time, she was fully aware of all of the circumstances that cost her to believe. Not only was this a wrongful termination, but it was a discriminatory and retaliatory termination that was part of a continuing our work environment and was such that she was able to fully and completely articulate what it is. She would not have had that opportunity if when she was trying to present her third charge that the timeline for making that claim had expired. That is not the case here. So that brings your honor the end to what you are speaking about. Had Miss Washington attempted to come back with this third charge and her timeline for presenting it had expired. That presents the end that we're speaking about. But we do not stand on saying that all of the facts that establishes, especially when you look at her saying, I don't know all of the details. She is specifically saying that in her second charge by the time she's submitting her timely third charge. And again, it's uncontroverted on this record that her time her third charge for termination was timely. She was able to articulate fully, not only discriminatory factors, but factors that would support a retaliatory hostile work environment claim. And in doing so, not only does it present the discrete claim of termination, but it also allows for that event to be a part of the older claims of of hostile work environment or unfair treatment under Morgan. Okay. But what what procedure, if any, is there to would there have been for her to amend the second charge rather than follow a third charge? Okay, so she she would have had an opportunity to the right to sue letter had already issued. This case, as we can see, is not a situation as being concerned that we are concerned about, or I should say the appellant is concerned about or the court should be concerned about with respect to opening the floodgates or as Judge Rogers indicated that somehow another not have an end. There is an end as stated, and it doesn't open the floodgates because in this particular case, we're not getting a second bite, so to speak. We answer, though, to the judge's question. And so that's what I'm trying to get to. So I'm sorry, Your Honor. Can you give me the question that you asked? You're saying that because the right to sue letter had issued on the second charge, you couldn't amend it any further at that point, right? Well, in that and I am remembering if I'm remembering correctly, the right exactly the right to sue. Actually, the complaint in federal court and the third charge were pending at the same time. So there's this undercurrent notion that this process is being used to circumvent the timeline requirements of filing and getting a 90 day notice and then using it. But we were not motivated by that. And that is evidenced by the fact that when you look at the actual complaint that ultimately got dismissed, the third charge was pending within the E. E. O. C. It was present in there, so it wasn't something done to come back and try to react to a dismissal and get a second bite at it. It is actually analyzing the particular facts and holding and standing on what defendants do every day in the court is look at a charge. Had Miss Washington's charge proceeded as was stated, it would face and did face a motion to dismiss or could have a motion to dismiss for failure to state a claim and not being properly exhausted. And then we go to your honest point of Can you amend it? And that's the question. That's the end point that I'm pointing out for the judge. Either you can or you cannot. And in this instance, Miss Washington, we concluded that the second charge would have been sufficient. Then do you lose? If we conclude that she had properly articulated a termination claim in her second charge, then she would not be. She would be arguing duplicatively in her third charge. That is correct, Your Honor. And with the catalyst here, the point here is there is simply and so to speak honorable mention of a wrongful termination. But no facts, circumstances or allegations that would support. And the court, of course, did not reach these issues when we presented the case that bar because the judge concluded that the reference to the termination in the third charge just simply made the actual case not one that could proceed as a matter of law. And so the actual idea of 90 day timeliness or whether or not it was a meritorious claim that could be advanced or whether that first or second charge had a proper claim never actually got addressed by the court. But as far as you're aware, is there any rule of procedure that would have denied you the right to amend as part of the second charge? What my understanding is, and, um, you know, I'm happy to provide any thought authority subsequent to this argument, but you don't have any right now. I just want to be clear. I don't have any authority right now. All right, so there's nothing that you know that would bar you from doing that. Well, I would argue your honor that I'm barred once the commission dismisses the case. It no longer has the case. That case is gone and there's no, I know. And that's what I'm getting the analogy and civil litigation here. She knew about the termination and the fact that she didn't do her homework before she, uh, raised it in the second complaint. That's not something that she can rely on all the facts, but she filed it and then filed a motion for particulars or something like that. Let's I'd like to hear from a police counsel. Maybe she can answer Judge Wilkins questions specifically. May I offer your honor is a final point that it presupposes that these of this information was available at the time that she presented. She was terminated. Oh, correct. All right. So she can investigate why she can, but it determines whether or not she was able to do that prior to the dismissal of her. Why couldn't she? But I'm saying it presupposes that she did it. She could asking why, if I'm dismissed from employment, why can't I find out why and on what basis before I filed my complaint? And if the opposing party refuses or perspective, proposing party refused to provide that information, that's a different situation that we have here. In any event, here, could we hear from Council for Appley? And if I had a chance to respond. Thank you, Your Honor. All right, Judge Wilkins, do you have any questions? No. All right, then, uh, Miss Walker will give you a couple of minutes in reply and Miss Cole. Good morning. Thank you. Good morning. Thank you. May it please the court. Janice Cole on behalf of Washington Metropolitan Area Transit Authority. Your honors have identified the problem here in Miss Washington's position. One of the cases that she herself relied on in her brief Golden versus Management and Training Corporation makes mention of the fact that the exhaustion requirement is simply that the plaintiff exhaust each claim, and it does not require the plaintiff to include all the evidence pertaining to each claim. And that is what Miss Washington did. She could not, in fact, have done it any clearer. There are the boxes that she had in the amended complaint, which is at a 101. And she checked the boxes for sex, retaliation, for disability and race. In addition, for that very first charge, she checked the box other and next to it, she wrote wrongful termination. And it's important to realize where this filing occurred in relation to the timeline. She filed it approximately three weeks after she was terminated from her position as a police officer, she received a medical disqualification to which she makes reference. In this amended charge, she indicates that she was trying to appeal that that she met with people in relation to that, and to the process. And when you look at the narrative with a check boxes, there is nothing more for her to exhaust. It is not a requirement that a claimant put every bit of evidence in a charge. And indeed, that is part of the discovery process leader in litigation. Well, what about her arguments that she may have checked the box. But that's not enough to properly present a claim. There was a case I think it's mills versus Hayden that were modest cited in its brief, which indicated that one of the judges in this district did a survey and could not find any case where the checking of the box was insufficient to exhaust a claim. Typically, our positions are would be reversed in a title seven claim. It's normally the plaintiff who are the claimant who would be arguing. I checked the box. And that means all of this other additional type of related claim related to that box can come in checking the ask you in response to my question, just follow through. Has that been the position of the Commission? That merely checking a box is insufficient. It does as far as giving adequate notice to the Commission and the other party. I am unaware of any authority saying that checking the box is insufficient, Your Honor. My position is that checking the box is absolutely sufficient, and that it's typically, well, what are you relying on? You say, absolutely. What authority? A it was in mills versus Hayden, where a judge of this district did do a survey and which 284 F 3rd 14 could not find any authority when there was a search in that matter where checking the box was found to be insufficient for exhaustion. Checking the box is more to the scope of a claim, not to whether it is exhausted or not. For example, as it could be whether a hostile work environment because there's no box for that, whether it was encompassed in a claim because there's no box. And so that might be an issue. But here we have not only all the boxes checked, we have then the corresponding complaint that was filed based on the amended second charge. And that was in front of Judge Clark Catelli that had the exact same causes of action that were then later set forth in her third complaint, which is the subject of this appeal. There is no difference. They were word for word, the same allegations as the dismissed complaint by Judge Clark Catelli. So what about, I guess, your friend on the other side's argument that, well, there's a right to sue letter that issues, and they go meet with a lawyer at that point, and the lawyer says, well, I'm not sure that that charge is complete. And since we don't have, like, Supreme Court or D.C. Circuit Authority on point, and we don't want to have any issues with failure to exhaust, and we're still within 180 days of the termination, I'm going to file another charge that really lays out all of the details and particulars. And then when we get the right to sue letter from that, assuming that we don't see a declines to file, then we'll be protected because we can file our complaint after we get that right to sue letter. And it's not going to extend this out forever because you still have the, kind of, it still has to be within 180 days of termination. So what's the big hardship or problem in looking at it that way? So, Your Honor, the response would be, first, the process is to amend the charge, which is what exactly this claimant did. She amended that second charge because before the amending date of April 25th of 2019, she had simply had the very first paragraph that she had been experiencing discrimination and harassment since while a police officer, and it was based on race and sex and retaliation. She then, after she was terminated, amended that charge to include a lot of information about leading up to her termination and the termination itself. So she engaged in that process as she should. But in my hypothetical, after the right to sue letter issues, she goes to meet with counsel and counsel is still concerned that it's not complete enough. So they file another charge. Because once the right to sue letter issues, you can't amend the charge, right? Because the charge has been, you know, adjudicated, so to speak, by the EEOC at that point. Correct, Your Honor. She is now within her 90-day time period in which she has to file. And the case law says to the extent that there is other unexpired charges, which are still timely and can be exhausted in front of the EEOC, then a claimant can proceed through that process. But they cannot overlap. And with the same charges, especially where we hear we have a discreet act, that's the only anchor event that is timely in this third charge. So sometimes we have a lot of moving parts to consider, but as a general proposition, in response to your question, and as Judge Lamberth said in Price v. Greenspan, one looks to what is not stale and what is not expired and which has not been raised before. So to the extent that there is a right to sue letter that controls some charges that have already been exhausted, one cannot artificially extend that time period by refiling another charge, if that answers the question. Thank you. And here, that is indeed what the plaintiff attempted to do. Her motivation is not part of the analysis. There was another issue, I don't know if the court's willing to hear because I see I'm out of time, but there was another untimeliness issue that the court would like to hear. We have that on your brief. If there are no more questions. Thank you, and Ms. Rucker, why don't you take one minute. Thank you very much, Your Honors. So what I wanted to point out is, in response to this particular case, is the distinction between the information that is simply placed in a charge and an information that is presented to the commission. What is absent here is any charge of discrimination for termination or for hostile work environment, retaliatory hostile work environment being presented in that second charge. It is clearly present in the third charge. Both the court and counsel for WMATA acknowledges that it was timely presented. And this is a particular situation where the court, federal court, provided complainant in Avenue in a vehicle to come back in with respect to her termination claim by issuing a non prejudicial dismissal. And the right to sue letter in this case is not stale, it was actually issued on a properly concluded federal court charge with the EEOC and this case should be allowed to proceed with respect to the merits and through discovery on the particular allegations here. Thank you all for your time. All right. Thank you, counsel, Madam Clerk, if you would call the next case.
judges: Henderson, Rogers, Wilkins